UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BISHOY HANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIE HUDSON YOUNGQUIST, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-11241-FLA (BFMx)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [DKT. 28], ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. 26] AND GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DKT. 22]** |

### ORDER

Pursuant to 28 U.S.C. § 636, the court has reviewed the First Amended Complaint, the records and files herein, the Magistrate Judge's Report and Recommendation ("Report"), and Plaintiff's Objections to the Report and Recommendation ("Objections"). The court has engaged in a de novo review of those portions of the Report to which objections have been made.

The Report recommends the dismissal of the First Amended Complaint ("FAC," Dkt. 20) without leave to amend. Dkt. 26. In the FAC, Plaintiff alleges Defendant, a court reporter with the Los Angeles County Superior Court, deliberately

1

failed to produce transcripts of hearings held in a family-law action in which Plaintiff was a party, which interfered with Plaintiff's ability to secure custody of his child and prosecute other state court actions against his former wife and her attorney.  Dkt. 20 at 7-10.  Plaintiff's Objections, Dkt. 28, do not merit any change to the Report's findings or recommendations, and are OVERRULED for the reasons set forth below.

First, Plaintiff objects the Report's Findings "improperly conclude that California's litigation privilege bars Plaintiff's constitutional claims," because "[t]he privilege applies to state tort claims, not federal §1983 actions."  Dkt. 28 at 2.  Plaintiff, however, misreads the Report, which did not make such a finding.  The Report states Plaintiff fails to allege plausibly a Fourteenth Amendment violation because of lack of causation, since Plaintiff's state court actions were dismissed as barred by California's litigation privilege, and "the amount of evidence Plaintiff could present in support of his claims was irrelevant."  Dkt. 26 at 9–10.  Because Plaintiff's underlying state court cases were deficient on legal—not factual or evidentiary—grounds, any delay by Defendant in producing transcripts was immaterial since those claims were doomed to fail even if the court were to assume all facts in Plaintiff's favor and that the transcripts corroborated what he claimed.  *Id.*  Thus, the court agrees with the Report that the transcripts were irrelevant, "because a lawsuit based on what [Plaintiff's former wife and her attorney] said in court hearings or in pleadings to the court was always doomed to fail."  Dkt. 26 at 10.

Second, Plaintiff objects the Report misapplied the "actual prejudice" standard for his Fourteenth Amendment claim.  Dkt. 28 at 2.  The court agrees with the Report that Plaintiff did not show actual prejudice to his lawsuits against his former wife and her attorney arising from the absence of the transcripts of hearings in the family-law action.  As stated, Plaintiff's state court claims would have failed on legal grounds, regardless of any delay by Defendant.  Plaintiff also "could have filed a declaration explaining what happened during those hearings, if he believed it was necessary to support his claim."  Dkt. 26 at 8.

2

  Third, Plaintiff objects the Report erred in finding his Sixth Amendment claim fails because "the denial of transcripts impaired his ability to appeal and litigate matters intertwined with quasi-criminal proceedings." Dkt. 28 at 3.  The court agrees with the Report that Plaintiff fails to state a claim because the Sixth Amendment does not apply to civil actions.  Dkt. 26 at 10.  Plaintiff's attempt to classify this case as "intertwined with quasi-criminal proceedings" is unavailing.  Dkt. 28 at 3.  A quasi-criminal proceeding is a state civil proceeding that is "akin to a criminal prosecution in important respects." *Sprint Commcn's, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (citation and quotation marks omitted).  "Such enforcement actions are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act.  In cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action." *Id*. (citations and parentheticals omitted).  This action is nothing like a quasi-criminal proceeding.

  Fourth, Plaintiff objects the Report found further amendment of the FAC would be futile, and argues he "can amend to further clarify the prejudice suffered, attach underlying case materials, and specify how Defendant's conduct directly caused adverse judgments." Dkt. 28 at 3.  Plaintiff's argument fails for the reasons stated.  The court further agrees with the Report that Plaintiff "offers no reason to think that there could be some other injury suffered from the failure to provide the transcripts in a timely manner, nor that there is some other federal claim he could state that would permit the Court to consider his state-law claims." Dkt. 26 at 11–12.  Thus, leave to amend is denied.

  Finally, Plaintiff contends that, if the case is dismissed, he should be reimbursed for his filing fee and costs of service.  Dkt. 28 at 3.  Plaintiff does not cite any legal authority to support his request.  As Plaintiff is not the prevailing party, his request for reimbursement is denied.  *See Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("Filing fees are part of the costs of litigation."); *McCoy v. Holguin*, 2025 WL 347462, at *2 (E.D. Cal. Jan. 30, 2025) (Plaintiff's request for a refund of the money

he spent to attempt service is denied as plaintiff is not entitled to payment by the court of his expenses for attempted service.").

Accordingly, the court OVERRULES Plaintiff's Objections to the Report, ACCEPTS the Report and Recommendation of the Magistrate Judge, and ORDERS as follows:

1. The Report and Recommendation is ACCEPTED and ADOPTED (Dkt. 26);
2. Plaintiff's Objections to the Report and Recommendation (Dkt. 28) are OVERRULED, and his request for reimbursement of filing and service fees is DENIED;
3. Defendant's Motion to Dismiss (Dkt. 22) and Request for Judicial Notice (Dkt. 22-2) are GRANTED;
4. The First Amended Complaint is DISMISSED with prejudice as to the federal claims, and DISMISSED without leave to amend and without prejudice to refiling in an appropriate forum as to the remaining state law claims; and
5. The Clerk of the court shall serve this Order and the Judgment on all counsel or parties of record.

IT IS SO ORDERED.

Dated: January 5, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge